961 A.2d 109

COMMONWEALTH of Pennsylvania, Appellant

v.

Al PEOPLES, a/k/a Kevin Matthews, Appellee.

Commonwealth of Pennsylvania, Appellee

v.

Al Peoples, a/k/a Kevin Matthews, Appellant.

Supreme Court of Pennsylvania.

Submitted July 17, 2008.

Decided Dec. 18, 2008.

Amy Zapp, Esq., Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania (No. 482 CAP).

James H. Moreno, Esq., Defender Association of Philadelphia, James Joseph McHugh, Jr., Esq., Philadelphia, for Al Peoples (No. 482 CAP).

James H. Moreno, Esq., James Joseph McHugh, Jr., Esq., Philadelphia, for Al Peoples (No. 483 CAP).

Amy Zapp, Esq., Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania (No. 483 CAP).

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

**ORDER**

PER CURIAM.

The order of PCRA court is VACATED and the matter is remanded to the PCRA court for further proceedings consistent with this Order. In light of the presumption of effective-

ness and the burden on a post-conviction petitioner to establish prejudice, in areas of material controversy supported factual findings are required to sustain an award of relief. *See, e.g., Commonwealth v. Gibson,* 597 Pa. 402, 422, 951 A.2d 1110, 1121–22 (2008) (vacating an award of a new penalty hearing and remanding for further proceedings with the explanation, "particularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues"). Such supported findings are absent here, as the PCRA court did not conduct a hearing, although the Commonwealth is clearly contesting material facts. *See, e.g.,* Brief for Appellant at 11–14.

The PCRA court is authorized to conduct an evidentiary hearing on remand; however, it is directed, as a threshold matter, to consider the Commonwealth's argument that Appellant's proffer was inadequate to implicate a hearing in the first instance. The scope of any hearing may exceed the claim on which relief was granted; however, such scope is to be determined according to the Rules of Criminal Procedure. *See* Pa.R.Crim.P. 909. The court is directed to resolve areas of material factual controversy and credibility disputes via numbered factual findings and to provide properly framed legal conclusions grounded in the criteria governing claims of deficient attorney stewardship. All properly presented claims are to be addressed in the court's opinion.

In view of our Order and the material change should an evidentiary hearing be warranted, the PCRA court is not bound by its prior order under the law of the case doctrine. Finally, the court is to proceed expeditiously on account of the age of the case.

Jurisdiction is relinquished.

Justice GREENSPAN did not participate in the consideration or decision of this case.