**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN W. CRAMER, JR. | |
| Appellant | No. 918 WDA 2016 |

Appeal from the PCRA Order Dated June 9, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000225-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 10, 2017**

Appellant John W. Cramer, Jr., appeals from the order denying his second Post Conviction Relief Act ("PCRA")[1] petition requesting an amended sentence. We vacate Appellant's judgment of sentence in part and remand for further proceedings.

On October 29, 2014, Appellant, represented by Vincent M. Tiberi, Esquire, pleaded guilty to three counts of burglary, three counts of theft by unlawful taking, three counts of criminal trespass, three counts of criminal mischief, four counts of receiving stolen property, and four counts of theft by

---

[1] 42 Pa.C.S. §§ 9541-9546.

deception. PCRA Ct. Op., 8/18/16, at 2.[2] At the time of his sentencing, Appellant was already serving a sentence for a prior conviction docketed at Fayette County Docket No. CP-26-CR-0000662-2008 ("No. 662"), and his new conviction constituted a violation of the terms of his parole from a state correctional institution under that sentence.

Appellant entered into a plea agreement in the instant case under which he would plead guilty and would testify against his codefendants in exchange for a sentence of 4-8 years' incarceration in a state correctional institution. When the trial court announced this sentence on January 9, 2015, the court stated that the 4-8 years' incarceration would run **concurrently** with the remainder of Appellant's sentence at No. 662. ***See*** N.T. Plea, 10/29/14, at 6-8; Sentencing Order, 1/15/15, at 2; ***see also*** N.T. Sentencing Hr'g, 1/9/15, at 10. Appellant claims that a promise that his new sentence would run concurrently with his recommitment at No. 662 was part of the plea bargain and that he would not have entered a guilty plea if he had not received that promise. ***See*** Appellant's Br. at 9; N.T., 5/10/16, at 9. However, Appellant's oral and written guilty plea colloquies are both silent on whether Appellant's 4-8 year sentence would run concurrently with any prior sentences. ***See*** Guilty Plea Colloquy, 10/29/14, at Question 8 (unpaginated document); N.T. Plea, 10/29/14, at 2-13.

_____

[2] 18 Pa.C.S. §§ 3502(a)(2), 3921(a), 3503(a)(1)(i), 3304(a)(5), 3925(a), and 3922(a)(1), respectively.

Because Appellant's original minimum sentence on No. 662 was in excess of two years' incarceration, the Board of Probation and Parole ("Board") had exclusive authority to revoke Appellant's parole at No. 662 following Appellant's parole violation, to recommit him for that violation, and to extend his maximum sentence as a convicted parole violator. ***See Commonwealth, Dep't of Corr. v. Reese***, 774 A.2d 1255, 1259 (Pa. Super.), ***appeal denied***, 790 A.2d 1016 (Pa. 2001).[3] After the trial court sentenced Appellant in the instant case, the Board determined that, contrary to what the trial court announced during sentencing, Appellant's new sentence had to be served consecutively to that under No. 662, rather than concurrently. Therefore, Appellant would have to serve the remainder of the sentence at No. 662 before beginning to serve the new sentence imposed by the trial court in this case. ***See*** PCRA Ct. Op. at 3. The Board based its decision on Section 6138 of the Prisons and Parole Code, which, in relevant part, provides:

---

[3] ***Reese*** explains:

> Under Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole . . . . When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the Board.

774 A.2d at 1259 (citations, quotation marks, and brackets omitted).

- 3 -

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i); *see Commonwealth v. Kelley*, 136 A.3d 1007, 1013–14 (Pa. Super. 2016) (explaining that this provision mandates that "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence" and that a concurrent sentence would be illegal under the statute).

On July 23, 2015, Appellant filed his first PCRA petition, *pro se*. Appellant alleged:

> I was given an illegal sentence because at the time of my entering into a plea agreement with the District Attorney for the County of Fayette[,] it was promised as part of my plea bargain that my new sentence #225 of 2014 would run concurrently with my previous case of #662 of 2008, which is an illegal sentence under Pennsylvania law. My attorney did not inform me that I was entering into a plea bargain that could not be honored by the Commonwealth of Pennsylvania.

PCRA Pet., 7/23/15, at 4. The petition requested an evidentiary hearing, and that the Commonwealth produce any and all plea agreements and offers. *Id.* at 7. By way of relief, Appellant requested "Modification of Sentence to exclude time that the law does not allow to be run concurrently to

compensate for the time that was promised to me in my plea bargain." *Id.* at 6. [4] Appellant's first petition also presented a claim questioning the amount of credit Appellant should have received for the time he spent incarcerated prior to his new sentencing. *Id.* at 4.

The PCRA court appointed James A. Natale, Esquire, to represent Appellant. PCRA Ct. Op. at 2. On October 8, 2015, the Department of Corrections ("DOC") sent Attorney Natale a letter addressing Appellant's credit, and also explaining that —

> [A]ny parole violator who receives a new sentence must first serve the balance of his original term before the commencement of any new term. Therefore, [Appellant] must first serve the balance of his backtime owed to the Parole Board and be granted re-parole before he is eligible to begin serving his Fayette County sentences.

Letter, 10/8/15. Attorney Natale thereafter filed an Amended PCRA Petition and raised only the issue of Appellant's credit for the amount of time Appellant served in prison prior to his new sentence date. PCRA Ct. Op. at 2-3. On November 16, 2015, the PCRA court granted the relief requested in the amended petition, and gave Appellant additional credit for the time he spent incarcerated. *Id.* at 3. Appellant did not appeal this ruling. *Id.*

A month after his first petition was granted, Appellant filed a second timely *pro se* PCRA petition. PCRA Ct. Op. at 3. Appellant's second petition

---

[4] In Appellant's case, this would mean a reduction of his minimum sentence by approximately eighteen months, which is the amount of backtime he was recommitted by the Board to serve on No. 662. PCRA Ct. Op. at 3.

again raised the issue of his concurrent sentences. **See** PCRA Pet., 12/17/15, at 2 (unpaginated). The PCRA court appointed new counsel, Dianne H. Zerega, who subsequently filed an amended petition on the issue and alleged that both trial and prior PCRA counsel were ineffective. PCRA Ct. Op. at 3.

The PCRA court held a hearing on May 10, 2016, but it was not a factual hearing. At the beginning of the hearing, the PCRA court stated, "Miss Zerega, do we need any testimony on this? It seems to the Court like it's a legal issue." N.T. 5/10/16, at 2. The parties then immediately engaged in an oral argument about whether Appellant's claims were cognizable in a PCRA proceeding or whether they had to be brought as a challenge to the action by the Board. In connection with that question, the parties stipulated that everyone knew at the time of the sentencing that Appellant was subject to parole violation proceedings in No. 662. **See id.** at 3-4. But all of the remainder of the hearing consisted of oral argument regarding the propriety of granting relief under the PCRA. **See id.** at 5-14.

Appellant was present at the hearing and sometimes addressed the court, but he was not sworn in as a witness. Early in the hearing, Appellant engaged in a colloquy with the court to explain the nature of the problem. The court began the colloquy by stating that it ran Appellant's sentence "concurrently with the case he had the revocation on which was 662 of '08, that's in paragraph 8 of the original sentence order, so I already agreed to

run it concurrent with the case that he got revoked on . . . and then . . . I gave him credit . . . for time served [that] was off in the original sentence." N.T., 5/10/16, at 5-6. When Appellant reacted by shaking his head, the court asked why, and the following discussion ensued:

> THE DEFENDANT: Because the [Department of Corrections] stopped my time and they started my old case. They're not running my time right now. I have paperwork to say that.
>
> THE COURT: So they have ignored my order?
>
> THE DEFENDANT: Absolutely.
>
> THE COURT: So then what else could I possibly do other than to vacate the entire sentence and have you start over? What do you want me to do here is what I'm asking?
>
> THE DEFENDANT: All I'm asking for is the time. . . . I'm asking that to get the benefit of my plea bargain to where my total sentence equals four to eight years before I'm eligible for parole, I'm asking for that 18 months to be removed from my sentence because they refused to go with your order.

*Id.* at 6. Later, Appellant explained, "I just want the chance to be paroled at the four years that I accepted the plea bargain at because if the concurrency wouldn't have been offered, I would not have taken that plea bargain because I knew that I had almost two years, or a little more than two years left before I could switch over to my new number." *Id.* at 9.

The rest of the hearing was comprised of oral argument among counsel about case law,[5] at the end of which the court announced that it was "going to review the cases" and would "take this under advisement." N.T., 5/10/16 at 14. On June 9, 2016, the court entered an order denying Appellant's petition.

In a Rule 1925(a) opinion, the PCRA court held that Appellant's petition was not cognizable under the PCRA because Appellant's issue was more aptly categorized as a challenge to the sentence imposed on Appellant by the Board for violation of his parole at No. 662, and it therefore should be raised either as (1) a challenge to the computation of time by the Board and the Department of Corrections ("DOC"), or (2) a challenge to the DOC's failure to follow the language of the trial court's sentencing order when punishing Appellant's parole violation. **See** PCRA Ct. Op. at 5-7 (citing **Commonwealth v. Perry**, 563 A.2d 511 (Pa. Super. 1989), and **Commonwealth v. Heredia**, 97 A.3d 392 (Pa. Super.), **appeal denied**, 104 A.3d 524 (Pa. 2014)).

In the alternative, the PCRA court held that Appellant could not prevail on a claim that his plea was not voluntarily and intelligently entered because the plea colloquy shows that "Appellant understood the terms of his plea agreement" and Appellant was informed that pleading guilty would cause

---

[5] At one point, Appellant asked to speak further, but the court responded, "No." N.T., 5/10/16, at 13.

him to be sentenced for violating his parole. PCRA Ct. Op. at 8. The PCRA court stated that Appellant's claim that his guilty plea was unlawfully induced did not warrant relief because "Appellant was not seeking to withdraw his plea but was seeking a more favorable sentence." *Id.*

Finally, the PCRA court held that Appellant could not prevail by challenging his trial counsel's effectiveness because Appellant wasn't asserting his innocence. PCRA Ct. Op. at 9-10 (relying on *Commonwealth v. Moore*, 653 A.2d 24, 25-26 (Pa. Super. 1995)). The court added that Appellant "did not provide any testimony or other evidence of his plea counsel's ineffectiveness." *Id.* at 11. The PCRA court stated that because Appellant's claim that his trial counsel was ineffective lacked merit, his claim that his PCRA counsel was ineffective lacked merit as well. *Id.* (citing *Commonwealth v. Tedford*, 960 A.2d 1, 47 (Pa. 2008)).

Appellant timely appealed and presents the following four questions for our review:

> 1. Was the Appellant's plea involuntary and unlawfully induced when he was given a plea bargain that would not be enforced as it was to run concurrent with a violation sentence[?]
>
> 2. Was counsel ineffective when trial counsel failed to inform the [Appellant] that his plea would not be enforced?
>
> 3. Was PCRA counsel ineffective when he failed to raise the issue that [Appellant's] plea was unlawfully induced and involuntary as it would not be enforced?
>
> 4. Did the court err when it failed to enforce the plea bargain that was offered by the Commonwealth?

Appellant's Br. at 4.

Our standard of review on the denial of a PCRA petition is as follows:

On appeal from the denial of PCRA relief, our standard and scope of review [are] limited to determining whether the PCRA court's findings are supported by the record and without legal error. A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred.

***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa. 2008) (citations omitted).

We begin by addressing the trial court's conclusion that Appellant's claim is precluded by ***Heredia*** and ***Perry***. In those cases, the petitioners claimed that the DOC did not honor the credit awarded by the trial court's sentencing order, or otherwise misconstrued the sentence applied by the trial court, when calculating the time during which they were to be incarcerated. We held that because the petitioners were not challenging the propriety of their convictions or the sentences imposed by the trial courts, their claims were not cognizable under the PCRA. ***See Heredia***, 97 A.3d at 395; ***Perry***, 563 A.2d at 512-13.[6] The instant scenario stands in stark

_____

[6] In ***Perry***, this Court held:

If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the srevietence imposed by the trial court, then a

*(Footnote Continued Next Page)*

contrast to **Heredia** and **Perry**: rather than challenging any action taken by the Board or the DOC in implementing his sentence, Appellant challenges the assistance of his plea counsel relating to his plea bargain, and the propriety of the sentence subsequently imposed by the trial court. **Heredia** and **Perry** are therefore inapplicable. Moreover, claims related to the plea-bargaining process properly fall within the PCRA. **See Commonwealth v. Lynch**, 820 A.2d 728, 731-32 (Pa. Super.), **appeal denied**, 835 A.2d 709 (Pa. 2003).[7]

Appellant's first two questions assert ineffectiveness of his trial counsel. Before we assess the merits of Appellant's claim that his trial counsel provided ineffective assistance, we must determine whether that issue has been waived by Appellant's failure to raise it in his first PCRA petition. **See** 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so . . . in a prior state postconviction proceeding"). Appellant, in his third question presented, poses a layered

---

*(Footnote Continued)* ———————————————

> writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

563 A.2d at 512–13 (citations omitted).

[7] Appellant first frames his issue as an involuntary and unlawfully induced guilty plea, and secondly as ineffective assistance of his trial counsel in relation to his plea bargain. Appellant's Br. at 6-12. Claims related to the plea bargaining process where there is no assertion of innocence properly fall under the PCRA's ineffectiveness subsection, rather than the subsection relating to guilty pleas. **Lynch**, 820 A.2d at 731-32. Appellant's first claim, therefore, dovetails with his second, and poses an issue which is cognizable under the ineffectiveness section of the PCRA. **See id.**

ineffectiveness claim, asserting that his PCRA counsel was ineffective for waiving the claim of trial counsel's ineffectiveness by failing to raise that issue in Appellant's first PCRA petition. *See* Appellant's Br. at 13-15; *see generally Commonwealth v. McGill*, 832 A.2d 1014, 1021-23 (Pa. 2003) (explaining that in a layered ineffectiveness claim, present counsel must raise whether intermediate counsel were ineffective for failing to raise, and thereby waiving, an underlying claim of ineffectiveness). Appellant states that —

> [Prior] PCRA [c]ounsel was aware that . . . Appellant was arguing that he would never have entered into a plea agreement that would result in him receiving the additional eighteen months incarceration because this case would not be run concurrent with his prior case as agreed. [Prior] PCRA counsel was aware that his plea would not be enforceable under the law as no sentence can be run concurrent with a sentence that results from a violation of the terms in another case.
>
> . . . [Prior] PCRA [c]ounsel was clearly ineffective when he failed to raise the issue of the unenforceable plea in the amended PCRA that he filed. Counsel could have no reasonable basis for failing to inform his client that he would serve significantly more time than he had bargained for in his plea agreement. The Appellant was prejudiced by his counsel's actions and he received more time than he bargained for in the case. Prejudice resulted from his entering into a guilty plea, thus convicting himself of a criminal offense, without understanding the significance and the full consequences of his action.
>
> Counsel had no reasonable basis to fail to proceed with the Appellant's claim that his plea would not be enforced as presented. No decision can be considered reasonable where it is based on a misunderstanding of the law governing the proceeding. No strategic goal was furthered by counsel's failure to proceed with the argument that his plea was involuntary and unlawfully induced when the Appellant was offered a plea bargain that was an unenforceable bargain.

Appellant's Br. at 14-15.[8]  We therefore assess Appellant's claim that his trial counsel was ineffective within the context of Appellant's claim that his first PCRA counsel was also ineffective for failing to raise in Appellant's first PCRA petition, and thereby waiving, the claim of trial counsel's ineffectiveness.[9]

As with any layered ineffectiveness claim, we first assess the merits of the underlying claim regarding trial counsel's ineffectiveness. *McGill*, 832 A.2d at 1022. To prevail on a claim of ineffectiveness, a petitioner must plead and prove by a preponderance of the evidence:

_____

[8] We note that an appellant must allege that prior PCRA counsel was ineffective under all the three prongs of the ineffectiveness test; boilerplate assertions of prior PCRA counsel's ineffectiveness will not suffice. *See Commonwealth v. Bond*, 819 A.2d 33, 40 (Pa. 2002). However, where the Commonwealth has not argued that this claim is waived as underdeveloped, we examine "the merits of those issues of ineffectiveness that are properly framed to determine whether there is any arguable merit to the claims of trial counsel ineffectiveness." *See Commonwealth v. Ligons*, 971 A.2d 1125, 1139 (Pa. 2009) (quotation marks and citation omitted). Instantly, the Commonwealth does not argue that this issue has been waived, *see* Commonwealth's Brief at 3-4 (arguing only that Appellant's prior PCRA counsel was not ineffective because Appellant's trial counsel was not ineffective), and we find that Appellant has preserved his claim and presented sufficient argument for review. *Ligons*, 971 A.2d at 1139.

[9] Appellant's first PCRA petition was granted. Appellant's second PCRA petition, which was filed after Appellant was no longer represented by his first PCRA counsel, therefore presented Appellant's first colorable opportunity to raise the ineffectiveness of his first PCRA counsel. *See Commonwealth v. Walker*, 36 A.3d 1, 6 (Pa. 2011) ("Regarding waiver, at the time of appellant's trial, direct appeal, and PCRA proceedings, he was required to raise claims based on . . . counsel's performance at the first opportunity after he had new counsel").

> (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Kelley**, 136 A.3d at 1012.[10] "The law presumes counsel has rendered effective assistance," and "[t]he failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." **Id.**

When challenging counsel's assistance in the context of a guilty plea, "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." **Kelley**, 136 A.3d at 1013. For a guilty plea to be valid, a defendant must be informed that his sentences could be imposed consecutively. **Commonwealth v. Allen**, 732 A.2d 582, 588 (Pa. 1999). And, although a defendant need not be apprised of the possibility of revocation of his parole in order to enter a knowing and voluntary guilty plea, erroneous advice on how the law will affect parole and the duration of a defendant's true minimum sentence can affect the validity of a guilty plea.

---

[10] Despite the references in Section 9543(a)(2)(ii) to "the truth-determining process" and "a reliable adjudication of guilt or innocence," our Supreme Court has instructed that the standard and scope for ineffectiveness review under the PCRA is no higher than it is on direct appeal. **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 129-30 (Pa. 2001); **see also Commonwealth v. Haun**, 32 A.3d 697, 705 (Pa. 2011) (a PCRA claim under the ineffectiveness subsection does not require an assertion of innocence). To the extent that the PCRA court relied on a contrary and outdated understanding of the law, it erred.

*See, e.g.*, *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (defendant received ineffective assistance when he pleaded guilty on counsel's erroneous advice that he would be eligible for boot camp and early parole, when the length of his sentence precluded his participation in boot camp).

"To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The 'reasonable probability' test is not a stringent one." *Hickman*, 799 A.2d at 141. A court must examine the totality of the circumstances to determine the extent of a defendant's knowledge during a guilty plea. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super.) (*en banc*), *appeal denied*, 887 A.2d 1241 (Pa. 2005). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted).

Our courts have previously addressed plea bargains based on erroneous promises regarding the outcome of a parole revocation and misapprehension of the Board's authority to make recommitment run consecutively to a new sentence. For example, in *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976), a defendant entered into a guilty plea based upon a promise by the Commonwealth to recommend that the

sentence run concurrently with that imposed for revocation of parole. 353 A.2d at 442-43.[11] The Supreme Court concluded that "said promise by the Commonwealth was a false and empty one since the law is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order." *Id*. at 443 (applying the since-repealed predecessor to 61 Pa.C.S. § 6138(a)(5)(i), which contained the same operative language as the present statute). Because it was based on a faulty promise, the defendant's plea was not knowingly and voluntarily entered. *Id.* at 444-45. The Court remanded the case and instructed the sentencing court to impose a sentence that would equate to the length of the sentence that the defendant had contemplated when accepting the terms of the plea bargain prior to pleading guilty. *Id.* at 446.[12]

_____

[11] The defendant in *Zuber* brought his challenge under the Post Conviction Hearing Act, the predecessor of the PCRA. *Zuber*, 353 A.2d at 443 n.1. The Court did not examine the effectiveness of plea counsel, *see id.* at 446 n.9, but rather the validity of the guilty plea.

[12] As evidenced by *Zuber*, while the test for ineffectiveness relating to a guilty plea requires a reasonable probability that the defendant would not have pleaded guilty if it were not for counsel's errors, the remedy in such a situation is not necessarily revocation of the plea, but an amendment to the defendant's sentence. *Zuber*, 353 A.2d at 446; *see also Commonwealth v. Alvarado*, 276 A.2d 526, 530 (Pa. 1971) (remanding for resentencing rather than withdrawal of an unknowing and involuntary plea resulting from a plea bargain); *Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super.) (stating that petitioner would be due benefit of plea bargain), *appeal denied*, 9 A.3d 626 (Pa. 2010); *Commonwealth v. Parsons*, 969
*(Footnote Continued Next Page)*

Similarly, in **Commonwealth v. Barndt**, 74 A.3d 185 (Pa. Super. 2013), the defendant pleaded guilty while he was on parole for another sentence. The defendant alleged and proved to the PCRA court that his decision to plead guilty was based in large part on a promise from his counsel that the Board would not recommit him to serve the entire thirty months he had spent on the street prior to his re-arrest. 74 A.3d at 198-200. Again, pursuant to 61 Pa.C.S. § 6138, the Board had authority over the defendant's recommitment, and counsel's advice regarding the length of time the defendant would spend incarcerated was inaccurate. **Id.** at 199. Although the defendant was advised during his guilty plea that the Board had discretion to recommit him, that information did not cure his reliance on his counsel's erroneous advice. **Id.** at 199-200. We held that "counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences." **Id.** at 196.[13]

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

A.2d 1259, 1272 (Pa. Super.) (_en banc_) ("Accordingly, we vacate the judgment of sentence and remand for imposition of the sentence contained in the parties' plea bargain"), **appeal denied**, 982 A.2d 1228 (Pa. 2009). Therefore, to the extent that the instant PCRA court did not provide relief because "Appellant was not seeking to withdraw his plea but was seeking a more favorable sentence," PCRA Ct. Op. at 8, the PCRA court erred.

[13] The defendant in **Barndt** was permitted to withdraw his guilty plea, as he had declined the proposed sentence modification that was offered by the trial court. **Barndt**, 74 A.3d at 190, 200.

Most recently, in **Commonwealth v. Kelley**, the defendant, who all parties knew was on state parole, entered into a negotiated guilty plea for a term of state incarceration to commence at the date of his arrest. **Kelley**, 136 A.3d at 1011. However, because the defendant was thereafter recommitted for violating his parole on his old sentence, the commencement date of his new sentence was effectively pushed forward by approximately two years. **Id.** (citing 61 Pa.C.S. § 6138(a)(5)(i)). Upon PCRA review, we held that the defendant's trial counsel was ineffective for providing erroneous advice regarding the legality and enforceability of the sentence imposed by the sentencing court, and that the defendant's guilty plea was not knowing, voluntary, and intelligent. **Id.** at 1014. We therefore reversed the order denying PCRA relief and vacated the judgment of sentence. **Id.**

Given the foregoing precedents, the claim pleaded by Appellant has arguable merit. Appellant's new sentence could not run concurrently to his old sentence, **see** 61 Pa.C.S. § 6138(a)(5)(i), and Appellant has alleged that his trial counsel provided erroneous advice on this point when he pleaded guilty. This inaccurate advice regarding the actual length of incarceration time he was facing would have rendered Appellant's guilty plea invalid. **See Zuber**, 353 A.2d at 445; **Kelley**, 136 A.3d at 1014.

As to the second requirement for proof of ineffectiveness of counsel, there is scarce room for a finding that Appellant's trial counsel had a reasonable basis for providing erroneous advice that induced Appellant's

unlawful guilty plea. *See Barndt*, 74 A.3d at 199 n.16 (even absent trial counsel's testimony or admission, precedent establishes that no conceivable reasonable basis exists for providing erroneous advice to induce an unlawful guilty plea); *see also Commonwealth v. Hanible*, 30 A.3d 426, 442 (Pa. 2011) ("As to the reasonable basis prong, . . . in the most clear-cut cases . . . the reasons for counsel's conduct are apparent from the record"), *cert. denied*, 133 S. Ct. 835 (2013).

We also conclude that Appellant has pleaded the third requirement, prejudice. He contends that he would not have entered a guilty plea if he had not been promised that his sentence would run concurrently with his recommitment on No. 662. *See* Appellant's Br. at 9; N.T., 5/10/16, at 9; *Barndt*, 74 A.3d at 199-200.

For similar reasons, Appellant's allegations that his first PCRA counsel was ineffective establish a viable claim. As we have just recognized, the underlying claim that trial counsel was ineffective has arguable merit. *McGill*, 832 A.2d at 1022. And Appellant's first PCRA counsel, who was aware of Appellant's claim, could have had no reasonable basis for failing to pursue relief. *Barndt*, 74 A.3d at 199 n.16. Because Appellant's first PCRA counsel did not present the claim during his first PCRA hearing, Appellant is set to spend an additional eighteen months incarcerated — a clear example of prejudice. PCRA Ct. Op. at 3.

But although Appellant pleaded valid claims, he failed to prove them. Because the PCRA hearing was comprised solely of oral argument and not presentation of evidence, Appellant did not produce evidence to substantiate his claims. Our case law is well-settled that Appellant must **prove** an ineffectiveness-of-counsel claim, including that there was a reasonable probability that he would not have entered a guilty plea but for counsel's inaccurate advice in connection with the plea. *Hickman*, 799 A.2d at 142. While Appellant was present at the PCRA hearing and stated on the record that that he would not have pleaded guilty if he had not been offered a concurrent sentence,[14] Appellant was not under oath when he made that statement. There was no testimony by Appellant's plea counsel regarding the discussions he had with Appellant during the plea-bargain process; and there was no testimony by the Commonwealth's attorney regarding his office's recollection of the offer it had made to Appellant. The factual underpinnings of Appellant's claim therefore remain unproven.

The trial court made two references to this lack of proof in its Rule 1925(a) opinion. First, the court noted that "there does not appear to be anything in the record to suggest Appellant was promised his sentence in

_____

[14] Appellant asserted, "if the concurrency wouldn't have been offered, I would not have taken that plea bargain because I knew that I had almost two years, or a little more than two years left [on 662] before I could [start serving my new sentence]." N.T., 5/10/16, at 9.

this matter would run concurrent to his sentence at 662 of 2008." PCRA Ct. Op. at 9 n.4.[15] Second, the court said that, "[a]t the time of the evidentiary hearing, Appellant did not provide any testimony or other evidence of his plea counsel's ineffectiveness." PCRA Ct. Op. at 11. However, the PCRA court did not deny Appellant's petition based on a failure of factual proof, and it made no findings on the factual issues in the case. Instead, the court based its decision on its erroneous legal conclusion that Appellant's claim was not eligible for relief under the PCRA. *See id.* at 4-11. At no time during the hearing below did the PCRA court give any indication that it did not accept the factual bases for Appellant's claim. And the Commonwealth, for its part, filed no response to Appellant's amended PCRA petition, made no argument against the factual allegations at the hearing, and still does not, on appeal, dispute Appellant's factual assertions. *See* Commonwealth's Br. at 3-4.

Our review of the record convinces us that there was no proof of Appellant's claims because the court and the parties all tacitly agreed that the first priority in the case was to resolve the legal issues presented by Appellant's petition, making any factual presentation to support that position secondary. Thus, the court began the hearing by stating its view that what was before the court was "a legal issue." N.T., 5/10/16 at 2. And the court ended the hearing by stating that it would take the case under advisement

---

[15] As noted, Appellant did make an unsworn statement to that effect when responding to the court during the hearing. N.T., 5/10/16, at 9.

to review the case law. *Id.* at 14. When the court ultimately denied the petition, it did so as a matter of law, so that there was no need to hold any further hearing to take evidence about the facts. Because we have now determined that the court's legal holdings were incorrect, it is appropriate to remand this case to the trial court to take that evidence and to make whatever factual determinations are appropriate on Appellant's claims.

A PCRA court must take evidence to resolve factual disputes. **See** Pa.R.Crim.P. 908(A)(2) ("Except as provided in Rule 907, the judge shall order a hearing . . . when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact"); Pa.R.Crim.P. 907(1) (A PCRA judge should hold a hearing where there are genuine issues concerning material fact). It must then make findings that are supported by the facts of record. **Hawkins**, 953 A.2d at 1251. A remand is appropriate to enable the PCRA court to complete this task. **See**, **e.g.**, **Commonwealth v. Montalvo**, 114 A.3d 401, 411 (Pa. 2015) (remanding because the opinion of the PCRA court contained "no findings of fact, no determinations of credibility, and no legal conclusions regarding Appellant's PCRA claims; in short, . . . no basis upon which to conduct meaningful appellate review")[16]; **Commonwealth v. Beasley**, 967 A.2d 376, 391 (Pa.

_____

[16] In **Montalvo**, the Supreme Court stated:

*(Footnote Continued Next Page)*

2009) (remanding for the PCRA court to resolve "areas of material, factual controversy and material credibility disputes"); **Commonwealth v. Peoples**, 961 A.2d 109 (Pa. 2008) (*per curiam*) (remanding for a PCRA hearing regarding trial counsel's ineffectiveness, where no hearing was held and the Commonwealth disputed material facts); **Commonwealth v. Williams**, 732 A.2d 1167, 1180-81 (Pa. 1999) (remanding for a PCRA hearing to assess the credibility of a trial witness who wished to recant testimony). Because the PCRA court misapprehended the law and failed to receive evidence and make factual findings, we remand for the PCRA court to resolve all factual issues presented by Appellant's petition. For this purpose, the PCRA court may hold additional hearings and admit evidence.

Regardless of the outcome of the proceedings below, the portion of Appellant's current sentence that states that it shall run concurrently with

*(Footnote Continued)* ————————

> [I]n order to enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required. Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate. In addition, such a remand may necessitate further proceedings below.

114 A.3d at 410 (quotation marks and citations omitted).

the sentence on No. 662 is illegal, and we vacate that portion of the sentence. **See** 42 Pa.C.S. § 706.[17]

Order vacated. Judgment of sentence vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2017

---

[17] Appellant's fourth issue is that the trial court erred by failing to enforce his plea bargain. Appellant's Brief at 16. Appellant makes no argument as to how his issue, framed in this manner, is cognizable for relief under the PCRA. His claim is therefore waived. **See** 42 Pa.C.S. § 9543 (listing which types of claims are eligible for PCRA relief); **Commonwealth v. Perez**, 93 A.3d 829, 841 (Pa.) (appellate claims lacking developed argument or legal citation are deemed waived), **cert. denied**, 135 S. Ct. 480 (2014).