J-S60036-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE COOLEY, SR. | : | |
| | : | |
| Appellant | : | No. 386 WDA 2017 |

Appeal from the PCRA Order February 17, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001836-2014

BEFORE: OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               FILED SEPTEMBER 29, 2017

Appellant Duane Cooley, Sr. appeals from the order entered by the Court of Common Pleas of Erie County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. Appellant raises several claims of ineffective assistance of counsel. We vacate the PCRA court's order and remand for an evidentiary hearing on the petition.

On May 19, 2014, Erie County detectives were conducting an undercover narcotics investigation targeting an individual named Derrys Sanders, a suspected drug dealer. During this surveillance, the officers observed a 2004 Mercedes SUV enter the parking lot of the Rack N Roll

_____

[1] 42 Pa.C.S. §§ 9541-9546.

_____
* Former Justice specially assigned to the Superior Court.

restaurant and believed Sanders was a passenger in this SUV. Additional officers were following the SUV in marked patrol vehicles.

The SUV immediately parked in the lot and Sanders exited the vehicle from one of the rear passenger doors. When Sanders saw the marked police vehicles pull into the parking lot, he dipped down behind another car and threw an object under the car. Officers placed Sanders under arrest once they discovered that Sanders had attempted to discard an ounce of cocaine. Officers subsequently ordered the occupants of the SUV, Brandi Carlgren and Appellant, to exit the vehicle. Carlgren was the driver and owner of the SUV and Appellant was the front seat passenger. Thereafter, the officers frisked Carlgren and Appellant and discovered Appellant was in possession of a digital scale. The officers took Carlgren and Appellant into custody.

At the police station, Appellant admitted to the officers that he had several ounces of cocaine and a .40 caliber firearm at Calgren's residence, where Appellant was staying. After the officers obtained Calgren's consent to search her home, the officers recovered eighty-nine grams of cocaine where Appellant had told them it would be located along with drug paraphernalia consistent with packaging material for distribution of cocaine and the weapon Appellant had described to police.

On August 15, 2014, Appellant was charged with possession of a controlled substance with intent to deliver (PWID), intentional possession of a controlled substance, possession of drug paraphernalia, receiving stolen property, and persons not to possess a firearm. On June 17, 2014, the day

- 2 -

before trial, Appellant filed a motion to suppress the evidence recovered from the search of his residence.  On June 18, 2014, Appellant filed a motion to allow his suppression motion to be filed nunc pro tunc.[2]  There is no indication in the record that the trial court ruled on either motion.

After Appellant proceeded to trial, a jury convicted Appellant of the aforementioned charges.  On July 29, 2015, the trial court imposed an aggregate sentence of 13½ to 27 years' imprisonment.  On the same day, Appellant filed a post-sentence motion, which the trial court subsequently denied.  On August 21, 2015, Appellant filed a timely appeal.  On May 4, 2016, this Court affirmed the judgment of sentence.

On August 8, 2016, Appellant filed the instant, timely PCRA petition with the assistance of counsel.  On November 11, 2016, the PCRA court issued an order and opinion notifying Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.  On December 16, 2016, Appellant submitted a filing to oppose this action.  On February 17, 2017, the PCRA court dismissed Appellant's petition.  On March 2, 2017, Appellant filed this appeal.

Appellant raises the following issues for our review on appeal:

_____

[2] Our rules of criminal procedure provide that an "omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown."  Pa.R.Crim.P. 579(A).

1. Did the trial court abuse its discretion when it denied the PCRA petition without a hearing?

2. Was trial counsel ineffective for not filing a suppression motion challenging a Terry patdown of [Appellant] when the officer was unable to point to particular facts from which he reasonably inferred that the individual was armed and dangerous?

3. Was trial counsel ineffective for not filing a motion to sever the charge of persons not to possess guns [from] the drug charges?

4. Was trial counsel ineffective when he did not request a cautionary charge to the jury after [Appellant] testified that he was convicted for possession with intent to deliver drugs and that he had been a drug dealer in the past?

Appellant's Brief, at 3 (reordered for ease of review).

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." Commonwealth v. Mitchell, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). We review the PCRA court's denial of Appellant's petition without a hearing under an abuse of discretion standard. Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." Commonwealth v. Koehler, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing Strickland v. Washington, 466 U.S. 688, 687-91 (1984)).

To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." Commonwealth v. Sneed, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203, 213 (2001)). The failure to satisfy any one of the three prongs will cause the entire claim to fail. Sneed, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

First, Appellant claims trial counsel was ineffective in failing to file a timely suppression motion to challenge the legality of the search of his person. As Appellant concedes that he was riding in a vehicle with Sanders,

who was arrested for the possession of cocaine, Appellant does not contest the officers' authority to subsequently order him and Calgren to exit the SUV upon Sanders' arrest. Instead, Appellant contends that the officers had no authority to arrest or frisk him as they had no reason to believe he was armed and dangerous.

While the PCRA court reasoned that Appellant's ineffectiveness claim had no arguable merit, the PCRA court's opinion provides inadequate discussion of Appellant's claims, which the court dismissed without an evidentiary hearing.

> To enable appellate review, PCRA courts are required to provide "a legally robust discussion, complete with clear findings of fact where required." Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 957 (2008); see also Commonwealth v. Craig Williams, 566 Pa. 553, 782 A.2d 517, 522–23 (2001); Commonwealth v. Roy Williams, 557 Pa. 207, 732 A.2d 1167, 1181 (1999) (remanding and directing the PCRA court to render "findings of fact and conclusions of law" in support of its disposition of issues turning on credibility). A fact-finding court should support its holding with sufficient explanations of the facts and law to facilitate appellate review. Commonwealth v. Weiss, 604 Pa. 573, 986 A.2d 808, 816 n. 4 (2009) (remanding where the PCRA court failed to address the "salient inquiry"); Commonwealth v. Beasley, 600 Pa. 458, 967 A.2d 376, 391 (2009) (remanding to permit the PCRA court to prepare an opinion addressing all claims raised in the amended post-conviction petition, and expressly resolve areas of material, factual controversy and material credibility disputes via numbered factual findings); Commonwealth v. Peoples, 599 Pa. 254, 961 A.2d 109, 110 (2008) (remanding and directing the PCRA court to address all properly presented claims). Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record.

Commonwealth v. Smith, 609 Pa. 605, 624–25, 17 A.3d 873, 884 (2011). "[P]articularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues." Commonwealth v. Gibson, 597 Pa. 402, 422, 951 A.2d 1110, 1121–22 (2008).

First, the PCRA court found the officers were permitted to pat down Appellant as a search incident to arrest, but failed to delineate the grounds that gave the officers probable cause to arrest Appellant before the search was conducted. Second, in the alternative, the PCRA court deemed the search to be a protective frisk during an investigative detention, which is justified when police possess a "reasonable belief that criminal activity is afoot, and that the suspect may be armed and dangerous." Trial Court Opinion, 3/10/17, at 3 (citing Commonwealth v. Mesa, 683 A.2d 643, 646 (Pa.Super. 1996)). However, the PCRA court did not discuss or make any finding with respect to whether it was reasonable to believe that Appellant was armed and dangerous.

As the PCRA court failed to support its conclusion with specific factual findings and legal conclusions to facilitate appellate review, it is necessary to remand for the PCRA court to provide a more through explanation of this holding as this claim cannot be resolved on the record before this Court.

As Appellant's remaining claims are related, we will address them together. In his second claim, Appellant argues that trial counsel was ineffective in failing to request that the trial court sever the charge of

- 7 -

Persons Not to Possess a Firearm from the remaining drug charges that did not require proof of a prior conviction. In his third claim, Appellant contends trial counsel was ineffective in failing to request a limiting instruction after Appellant admitted on cross-examination that he had a prior PWID conviction. The following exchange occurred when the prosecutor was questioning Appellant on the statement he gave to police once he was taken into custody:

> [Prosecutor:] Did you tell [Lieutenant Nolan] that there was about three ounces of cocaine in that house?
>
> [Appellant:] I told him there were drugs in the house, but not specific or the weight.
>
> [Prosecutor:] You didn't tell him it was three ounces?
>
> [Appellant:] I didn't know if it was three ounces, five ounces, or ten. I didn't know.
>
> [Prosecutor:] You didn't tell him that you sold drugs?
>
> [Appellant:] I have a record and I'm pretty sure you looked at my past history. I was convicted in 2006 for possession with intent. I made mistakes in my life. I'm not lying about that. I'm not perfect, but I'm trying to change my life. I've been working for three years now, and the time I was incarcerated I almost lost my job. I'm good with my employer, so when I was released he gave me my job back.
>
> [Prosecutor:] But you told us a few minutes ago that you're not a drug dealer.
>
> [Appellant:] No. I have made mistakes before.
>
> [Prosecutor:] And you indicate that you were a drug dealer in the past?

[Appellant:] I have dealt before.

Notes of Testimony (N.T.), Trial, 6/19/15, at 89-90. Appellant asserts that he was unaware that his prior conviction would have been inadmissible and alleges that counsel never told him to avoid discussing his criminal history. Appellant argues that without a limiting instruction, the jury likely inferred that proof of Appellant's prior conviction for PWID was substantive evidence of his guilt on the PWID charges in this case.

Moreover, Appellant points out that his prior PWID conviction was highlighted when the Commonwealth emphasized to the jury in closing argument that the arresting officers "knew that [Appellant] was a convicted drug dealer in the past, and [Appellant] brought that up on his own." N.T. Trial, 6/19/15, at 101. Further, the trial court reiterated to the jury in its charge that the parties had stipulated, and Appellant had admitted to his prior conviction for possessing a controlled substance with intent to deliver, which rendered Appellant ineligible to possess a firearm. N.T. Trial, 6/19/15, at 119-120.

The PCRA court found counsel was not ineffective for failing to request that the Persons Not to Possess charge be severed or for failing to seek a curative instruction to advise the jury on the limited purpose for which Appellant's prior PWID charge could be considered. Without providing any supporting analysis for either conclusion, the PCRA court found Appellant's "claims fall far short of showing [counsel's] trial strategy was so lacking in

reason that, in light of all the alternatives available, no competent attorney would have chosen it." PCRA Court Opinion, 11/29/16, at 5.

However, as the PCRA court chose to deny Appellant's ineffectiveness claims without a hearing pursuant to Pa.R.Crim.P. 907, the record does not contain any evidence to analyze whether trial counsel's decisions not to seek a severance or request a limiting instruction were based on strategic or tactical concerns. Without an evidentiary hearing, Appellant did not have the opportunity to question trial counsel as to the reasonableness of his actions and trial counsel had no chance to explain his motives. As a result, there is a genuine factual dispute on whether counsel's decisions not to request a severance or a limiting instruction were founded upon reasonable strategic concerns.

Moreover, the PCRA court's decision to dismiss Appellant's petition without a hearing cannot be justified on the grounds that Appellant's claims are patently frivolous. While not directly analogous to Appellant's specific ineffectiveness claim that counsel was ineffective in failing to seek a severance of the weapons charge, this Court has held that a trial court should grant a defendant's motion to sever a charge under 18 Pa.C.S.A. § 6105, which prohibits a former convict from owning a firearm, from other charges that do not require proof of a conviction, unless evidence of the prior criminal conduct is otherwise admissible – for example, to prove intent, identity, motive, or a common scheme. Commonwealth v. Jones, 858 A.2d 1198, 1208 (Pa.Super. 2004).

In the same manner, while the PCRA court refused to hold a hearing on Appellant's claim that trial counsel was ineffective in failing to request a limiting instruction regarding his prior PWID conviction, it is well established that "[e]vidence of a defendant's prior bad acts is generally inadmissible, and where such evidence is admitted, a defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose." Commonwealth v. Hutchinson, 571 Pa. 45, 54, 811 A.2d 556, 561 (2002). Thus, the PCRA court erred in determining that there were no genuine issues of material fact in controversy.

Accordingly, for the foregoing reasons, we find the PCRA court abused its discretion in denying Appellant's petition without a hearing.

Order vacated. Remanded for an evidentiary hearing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017

- 11 -